1   McGREGOR W. SCOTT
    United States Attorney
2   MIRIAM R. HINMAN
    Assistant United States Attorney
3   501 I Street, Suite 10-100
    Sacramento, CA 95814
4   Telephone:  (916) 554-2700
    Facsimile:   (916) 554-2900
5

6   Attorneys for Plaintiff
    United States of America
7

8                    IN THE UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,              CASE NO.  2:20-CR-007 JAM

12                         Plaintiff,      STIPULATION REGARDING EXCLUDABLE
                                           TIME PERIODS UNDER SPEEDY TRIAL ACT;
13             v.                          FINDINGS AND ORDER

14  STEVEN MICHAEL ROBERTS,                DATE: June 9, 2020
                                           TIME: 9:15 a.m.
15                         Defendant.      COURT: Hon. John A. Mendez

16

17        This case is set for a status conference on June 9, 2020.  On May 13, 2020, this Court issued

18  General Order 618, which suspends all jury trials in the Eastern District of California "until further

19  notice."  Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18

20  U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's

21  judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after

22  May 2, 2021.[1]  This and previous General Orders, as well as the declarations of judicial emergency,

23  were entered to address public health concerns related to COVID-19.

24        Although the General Orders and declarations of emergency address the district-wide health

25  concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

26  "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record

27
    ───────────────
28        [1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the
    request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order
    will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

    STIPULATION REGARDING EXCLUDABLE TIME              1
    PERIODS UNDER SPEEDY TRIAL ACT

findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). [2]  If continued, this Court should designate a new date

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

### STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.      By previous order, this matter was set for status on June 9, 2020.

2.      By this stipulation, defendant now moves to continue the status conference until July 21, 2020 at 9:15 a.m., and to exclude time between June 9, 2020, and July 21, 2020, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

3.      The parties agree and stipulate, and request that the Court find the following:

a)      On January 16, 2020, the government produced four disks of discovery to defense counsel, which included documents, photos, and audio and video recordings.

b)      Counsel for defendant desires additional time to review the discovery and to meet with her client about the case.  The defendant was released to a 90-day residential treatment program on March 2, 2020, which he completed on June 1, 2020.  He has just been released from treatment.  Counsel for the defendant informed the government that the defendant's participation in the treatment program has made communication between counsel and the defendant difficult, and the defendant has been focused on completing his treatment program.  As described below, the COVID-19 pandemic has also been making it difficult for defense counsel to meet with her client.

c)      Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d)      The government does not object to the continuance.

e)      In addition to the public health concerns cited by the General Orders and declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because the combination of the pandemic and the defendant's participation in residential drug treatment has delayed counsel's ability to

become familiar with the case and her client.  State and local public health orders have directed residents of Sacramento County to minimize personal contacts.  Defense counsel wishes to conduct further in-person meetings with her client to discuss the case and go over documents.

f)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

g)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of June 9, 2020 to July 21, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.


IT IS SO STIPULATED.


Dated:  June 3, 2020                                    McGREGOR W. SCOTT
                                                       United States Attorney


                                                       /s/ MIRIAM R. HINMAN
                                                       MIRIAM R. HINMAN
                                                       Assistant United States Attorney


Dated:  June 3, 2020                                    /s/ CHRISTINA SINHA
                                                       CHRISTINA SINHA
                                                       Counsel for Defendant
                                                       Steven Michael Roberts

1

2

3

4

**FINDINGS AND ORDER**

5

IT IS SO FOUND AND ORDERED this 4th day of June, 2020.

6

7

_/s/ John A. Mendez_

THE HONORABLE JOHN A. MENDEZ

8

UNITED STATES DISTRICT COURT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28