McGREGOR W. SCOTT
United States Attorney
MIRIAM R. HINMAN
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>            v.<br><br>STEVEN MICHAEL ROBERTS,<br><br>                  Defendant. | CASE NO. 2:20-CR-007 JAM<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: December 15, 2020<br>TIME: 9:30 a.m.<br>COURT: Hon. John A. Mendez |

This case is set for a status conference on December 15, 2020. On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice." Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 2, 2021.[1] This and previous General Orders, as well as the declarations of judicial emergency, were entered to address public health concerns related to COVID-19.

Although the General Orders and declarations of emergency address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). [2]  If continued, this Court should designate a new date

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

1  for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

2  pretrial continuance must be "specifically limited in time").

3                                              **STIPULATION**

4          Plaintiff United States of America, by and through its counsel of record, and defendant, by and

5  through defendant's counsel of record, hereby stipulate as follows:

6          1.      By previous order, this matter was set for status on December 15, 2020.

7          2.      By this stipulation, defendant now moves to continue the status conference until January

8  12, 2021, and to exclude time between December 15, 2020, and January 12, 2021, under 18 U.S.C.

9  § 3161(h)(7)(A), B(iv) [Local Code T4].

10         3.      The parties agree and stipulate, and request that the Court find the following:

11                 a)      On January 16, 2020, the government produced four disks of discovery to defense

12  counsel, which included documents, photos, and audio and video recordings.

13                 b)      Counsel for defendant desires additional time to consult with her client and go

14  over the case.  The defendant was released to a 90-day residential treatment program on March 2,

15  2020, which he completed on June 1, 2020.  Counsel for the defendant informed the government

16  that the defendant's participation in the treatment program made communication between

17  counsel and the defendant difficult, and the defendant was focused on completing his treatment

18  program.  Defense counsel would like additional time to meet with her client to go over the case,

19  including potential resolution.  As described below, the COVID-19 pandemic has also been

20  making it difficult for defense counsel to meet with her client.

21                 c)      Counsel for defendant believes that failure to grant the above-requested

22  continuance would deny him/her the reasonable time necessary for effective preparation, taking

23  into account the exercise of due diligence.

24                 d)      The government does not object to the continuance.

25                 e)      In addition to the public health concerns cited by the General Orders and

26  declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an

27  ends-of-justice delay is particularly apt in this case because the combination of the pandemic and

28  the defendant's participation in residential drug treatment has delayed counsel's ability to

become familiar with the case and consult with her client.  State and local public health orders have directed residents of Sacramento County to minimize personal contacts in recent months. Defense counsel's efforts to avoid meeting in person have caused delays in defense counsel's ability to discuss the case and go over documents with her client.  In the last few days, the defendant has experienced fever and other symptoms that may be COVID-19, after having been exposed to a family member who tested positive for COVID-19.  Defense counsel represents that the defendant's current health prevents counsel from having the final discussions and going over documents that counsel had intended to do before the scheduled December 15 status conference, and the requested continuance is necessary to permit those discussions.

f) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

g) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of December 15, 2020 to January 12, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  December 10, 2020

McGREGOR W. SCOTT
United States Attorney

/s/ MIRIAM R. HINMAN
MIRIAM R. HINMAN
Assistant United States Attorney

Dated:  December 10, 2020

/s/ CHRISTINA SINHA
CHRISTINA SINHA
Counsel for Defendant
Steven Michael Roberts

**FINDINGS AND ORDER**

IT IS SO FOUND AND ORDERED this 10th day of December, 2020.

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE